# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN BOGGS<br><br>Plaintiff(s),<br><br>v.<br><br>TANNER CURTIS HARMON, et al.<br><br>Defendant(s). | Case No.<br>5:25−cv−01849−WLH−MAR<br><br>**STANDING ORDER RE PROSECUTION OF CERTAIN CASES UNDER THE AMERICANS WITH DISABILITIES ACT** |

The court presides over many cases under the Americans with Disabilities Act (the "ADA") involving physical barriers in places of public accommodation. Most of these cases are brought by a small number of repeat Plaintiffs and an even smaller number of law firms. With respect to these cases, the court finds:

1. The small number of repeat law firms in this area rarely prosecute their cases until the court issues an order to show cause.

2. Many of these cases result in defaults, such that the court is often forced to send three orders to show cause regarding prosecution: 1) for failure to serve; 2) for failure to seek entry of default; and 3) for failure to move for default judgment.

    3. Given the large number of these cases, the need to track the lack of prosecution in these cases and send repeated orders to show cause has placed a significant burden on the limited resources of the court.

Therefore, the court finds that good cause exists to institute a limited scheduling order for cases under the ADA involving physical barriers in places of public accommodation. In such cases:

1. *Proofs of Service*: The court expects the Summons and Complaint will be served on all parties promptly after filing. Proofs of service for all Defendants must be filed within <u>ninety (90) days</u> of the filing of the case absent a previously approved extension of time by the court or a motion or responsive pleading by all Defendants.

2. *Requests for Default*: For any Defendant who fails to respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and for whom no extension has been granted, a request for default must be filed no later than <u>seven (7) days</u> after the time the response to the Complaint would have been due.

3. *Motions for Default Judgment*: If only defaulted Defendants remain in the case–that is, no other Defendants were named or the claims against all other Defendants have been resolved either by dismissal, motion, or trial–a motion for default judgment must be filed within <u>thirty (30) days</u> of the last entry of default or the resolution of all claims against the Defendants who are not in default. The court is not generally inclined to enter partial default judgments, and, therefore, a motion for default judgment should not be filed if some defendants have appeared and the case has not otherwise been completely resolved.

    Failure to comply with any of the requirements set forth in this Order will result in dismissal of Plaintiff's claims as to the Defendant that is the subject

of the required proof of service, request for default, or motion for default judgment and/or the action in its entirety. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash., R.R. Co* 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

**IT IS SO ORDERED.**

Dated: August 20, 2025

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

3