Tanner Curtis Harmon
1075 W. 5th St.
San Bernardino, CA 92411
Phone: (909) 763-2148
Email: Tanner196@me.com



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DARWIN BOGGS,
Plaintiff,

v.

TANNER CURTIS HARMON,
Defendant.

Case No.: 5:25-cv-01849-WLH-MAR

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF STANDING

Hearing Date: Friday, October 10, 2025
Time: 1:30 p.m.
Courtroom: TBD

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Wesley L. Hsu in Courtroom ___ of the United States District Court, Central District of California, Defendant Tanner Curtis Harmon will and hereby does move the Court for an order dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing.

This motion is made on the grounds that Plaintiff has not alleged or demonstrated a concrete, particularized injury in fact, nor a real and immediate threat of future harm, as required to establish standing under Article III of the United States Constitution.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and such further oral and written argument as may be presented at the hearing.

Dated: _____, 2025

Respectfully submitted,

*[signature]*

Tanner Curtis Harmon
Defendant, Pro Se

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff Darwin Boggs brings this action under the Americans with Disabilities Act (ADA), alleging barriers at Defendant's business. Plaintiff has failed to establish Article III standing.

II. LEGAL STANDARD

To establish standing under Article III, a plaintiff must show:

1. A concrete and particularized injury-in-fact;
2. Causal connection between the injury and the defendant's conduct;
3. Likelihood that the injury will be redressed by a favorable decision. (Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992))

In ADA cases, courts require a real and immediate intent to return. (Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011))

III. ARGUMENT

A. Plaintiff Has Not Alleged a Concrete Injury
B. Plaintiff Lacks a Real and Immediate Threat of Future Harm
C. Court Should Decline Supplemental Jurisdiction Over State Law Claims
D. Example – Boggs v. Bronson Investments

IV. CONCLUSION

For the foregoing reasons, Defendant requests:
1. Dismissal of Plaintiff's Complaint under Rule 12(b)(1);
2. Decline of supplemental jurisdiction over state law claims;
3. Other relief as the Court deems just.

MEET AND CONFER STATEMENT

Defendant met and conferred with Plaintiff's counsel on August 18, 2025 at 2:04 p.m. with Ricky T. regarding the issues in this Motion.

[PROPOSED] ORDER
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DARWIN BOGGS, Plaintiff,

v.

TANNER CURTIS HARMON, Defendant.

Case No.: 5:25-cv-01849-WLH-MAR

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING

Having considered Defendant Tanner Curtis Harmon's Motion to Dismiss for Lack of Standing, the papers filed in support and opposition, and the arguments presented, the Court finds that Plaintiff Darwin Boggs has failed to demonstrate Article III standing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed in its entirety for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1);
2. The Court declines to exercise supplemental jurisdiction over any state law claims alleged by Plaintiff;
3. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: _____, 2025

Hon. Wesley L. Hsu
United States District Judge

PROOF OF SERVICE

I, Tanner Curtis Harmon, declare I served the foregoing documents on Jason Y. Kim, So. Cal Equal Access Group, 101 S. Western Ave., Second Floor, Los Angeles, CA 90004 by U.S. Mail on [Date].

I declare under penalty of perjury that the foregoing is true and correct.

_____
Tanner Curtis Harmon